NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HERBERT RUSSELL,**
*Petitioner,*

**v.**

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent.*

---

2014-3130

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-11-0405-B-1.

---

Decided: November 18, 2014

---

HERBERT RUSSELL, of Charlotte, North Carolina, pro se.

ROBERT C. BIGLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and STEVEN J. GILLINGHAM, Assistant Director.

---

Before REYNA, WALLACH, and TARANTO, *Circuit Judges.*

PER CURIAM.

Herbert Russell was entitled to a veteran's preference in seeking a position with the Department of Health and Human Services (HHS). When HHS failed to provide him the preference, the Merit Systems Protection Board ordered HHS to reconstruct the hiring process for the position. HHS did not select Mr. Russell for the position upon doing so. The Board has now rejected Mr. Russell's challenge to the adequacy of the agency reconstruction. *Russell v. Dep't of Health & Human Servs.*, No. DC-3330-11-0405-B-1 (M.S.P.B. April 1, 2014) (*2014 Board Op.*). We vacate the Board's decision and remand for the Board to address a procedural issue raised by Mr. Russell.

## BACKGROUND

In October 2010, Mr. Russell applied for a position as a Social Science Analyst (Organizational Development) at HHS, a position assigned a General Schedule (GS) level of 12 to 13. As a disabled veteran, Mr. Russell was entitled to a ten-point preference in the agency's hiring decision. But a document supporting Mr. Russell's entitlement to the ten-point preference was lost in the application process, and HHS awarded him only a five-point preference. The top three applicants, who were not preference-eligible veterans, had scores of 99.49, 99.49, and 99.18. Mr. Russell, when given a five-point preference, had a score of only 94.69. A ten-point preference would have given him the top score.

In an initial proceeding before the Department of Labor, an HHS official stated, in a January 2011 letter, that Mr. Russell met the education and experience qualifications for the position. When that proceeding ended, Mr. Russell filed a Veterans Employment Opportunities Act (VEOA) appeal with the Merit Systems Protection Board.

The Board ultimately ordered HHS to reconstruct its hiring process for the vacancy after awarding Mr. Russell his ten-point preference. *Russell v. Dep't of Health & Human Servs.*, 117 M.S.P.R. 341, 346 (2012). Upon reconstruction, HHS did not select Mr. Russell for the job because it concluded that he did not meet the minimum qualifications for the position. Mr. Russell then filed a petition for enforcement of the Board's order requiring reconstruction, arguing that he should have been selected for the position and requesting an award of lost wages and benefits.

A Board administrative judge denied the petition, finding that HHS conducted an adequate reconstruction and reasonably determined that Mr. Russell was not qualified for the Social Science Analyst position. On July 24, 2013, the Board vacated the administrative judge's decision and remanded for HHS to produce more evidence that it adequately complied with the reconstruction order. *Russell v. Dep't of Health & Human Servs.*, 120 M.S.P.R. 42, 49–50 (2013). The Board stated that HHS had not shown that it had replicated the original-selection conditions in conducting the reconstruction, had not explained its change in view regarding Mr. Russell's qualification for the job, and had not explained how, if at all, the scores of the top-scoring applicants in the initial selection had been verified. *Id.* at 49.

On August 2, 2013, the administrative judge issued an Order providing for submission of new evidence. On August 22, 2013, HHS filed affidavits from several agency employees, including the human-resources specialist and subject-matter expert who participated in the original and reconstructed selection processes, as well as the Assistant Director of the Client Services Division. The affidavits described the reconstructed hiring process as mirroring the initial one. And they provided explanations about the HHS assessments of Mr. Russell's qualification for the position.

The HHS affidavits explained why the agency's January 2011 letter to the Department of Labor, regarding Mr. Russell's job qualifications, was erroneous. HHS determined that the letter—which was written by an employee who did not participate in the original or reconstructed selection processes—incorrectly gave Mr. Russell credit for 27 hours of "related coursework," J.A. 134–35, in declaring that he met the position's education requirement.[1] Although the agency sometimes credits 24 hours of coursework as equivalent to a major in a field, the human-resources specialist and subject-matter expert concluded that Mr. Russell's variety of behavioral- and social-science credits, when combined with experience, did not "establish proficiency in *one particular* major." J.A. 130 (emphasis added). The Assistant Director of the Client Services Division agreed, as did the supervisor of the author of the January 2011 letter.

In addition to the required education, Mr. Russell needed one year of specialized experience to qualify for the job.[2] After reviewing Mr. Russell's experience—

---

[1] To meet the education requirement, Mr. Russell needed (1) a "[d]egree . . . [in] behavioral or social science; or related disciplines appropriate to the position"; (2) a "[c]ombination of education and experience—that provided [Mr. Russell] with knowledge of one or more of the behavioral or social sciences equivalent to a major in the field"; or (3) "[f]our years of appropriate experience that demonstrated that [Mr. Russell] has acquired knowledge of one or more of the behavioral or social sciences equivalent to a major in the field." *2014 Board Op.* at 6–7.

[2] To qualify for the Social Science Analyst Position at the GS-12 level, Mr. Russell needed to have one year of "[e]xperience developing and administering workforce assessment tools such as survey/questionnaire instruments, interview techniques and data collec-

including years spent as a Human Resource Development Specialist and as an Organizational Development Specialist—the human-resources specialist found that Mr. Russell's history "did not involve the workforce data collection and evaluation required" for the GS-12 level of the position at issue. J.A. 131. She likewise determined that Mr. Russell's "activities . . . related to general themes of industrial and organizational psychology as well as change management and organizational development, are not ample or comprehensive enough to satisfy the one year specialized experience required at the GS-13 grade level." *Id.* The subject-matter expert concurred, as did the Assistant Director of the Client Services Division and the supervisor of the author of the January 2011 letter.

Finally, the HHS affidavits explained the role of scores used for ranking. Applicants are initially ranked in order of their scores, calculated to include any veteran's preference. Starting with the highest-ranked applicant on the list, the human-resources specialist reviews education and specialized-experience qualifications, continuing until three qualifying applicants have been identified. Those applicants move to the subject-matter expert for further review.

---

tion/evaluation methods as well as conducting studies and analyses of data to make recommendations to management." J.A. 130. To qualify at the GS-13 level, Mr. Russell needed one year of "[e]xperience using advanced principles, techniques, and methods of industrial and organizational psychology, organizational development and change management in order to develop measurement methods, written communication materials, conduct workshops, monitor progress and evaluate results in order to provide consultative services to groups and individuals in a regulatory organization." *Id.* at 131.

In the present matter, during the initial selection process, Mr. Russell's score, with a five-point veteran's preference, was only the 24th highest. The human-resources specialist found three qualifying applicants before reaching Mr. Russell's application. Accordingly, she did not review his qualifications during the initial selection process.

During reconstruction, HHS increased Mr. Russell's score to reflect the full ten-point veteran's preference, which placed him fifth on the list of applicants. Because the first four applicants did not meet the position's requirements, the specialist this time reviewed Mr. Russell's qualifications during reconstruction. At this point she determined that Mr. Russell met neither the education nor the specialized-experience requirements of the position, and so she proceeded to the next applicant.

Based on the evidence just summarized, the reviewing administrative judge, on September 30, 2013, determined that the agency had "fully answered the Board's questions raised in its remand order with credible evidence explaining why it found [Mr. Russell] was not qualified" and thus had complied with the Board's reconstruction order. J.A. 64. Mr. Russell petitioned for review of the administrative judge's decision. The Board denied his petition on April 1, 2014. *2014 Board Op.* at 9. The Board found that Mr. Russell's "application did not demonstrate that he met the basic education requirements of the position" or "the specialized experience requirements for the position." *Id.* at 7–8. The Board also "agree[d] with the administrative judge that the agency ha[d] adequately explained its changed assessment during reconstruction of [Mr. Russell's] qualifications." *Id.* at 8.

Mr. Russell now appeals the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9). Our review of the Board decision is limited. We determine only if, in the respects challenged, the decision is "(1)

arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Abrams v. Soc. Sec. Admin.*, 703 F.3d 538, 542 (Fed. Cir. 2012) (internal quotation marks and citation omitted).

## DISCUSSION

Mr. Russell presents several challenges to the Board's decision. One is procedural: Mr. Russell contends that he never received a notice giving him the opportunity to present evidence before the administrative judge during the remand from the Board—and so failed to present such evidence until his petition for review to the Board. The Board has not addressed this procedural issue. It has not determined whether Mr. Russell received notice and, if he did not, whether the Board could properly disregard the evidence when later submitted directly to it and whether the record and findings might change upon consideration of the evidence. Without addressing Mr. Russell's other contentions, we remand for the Board to address the issue.

The procedural challenge involves the new evidence that Mr. Russell submitted to the Board in his petition for review from the administrative judge's September 30, 2013 decision. This evidence addressed the affidavits HHS had submitted to the administrative judge in late August 2013 on remand from the Board's 2013 Order. Fourth Petition for Review, Br. of Appellant, *Russell*, No. DC-3330-11-0405-B-1 (Oct. 25, 2013). In submitting this material, Mr. Russell "respectfully request[ed] that the Board not consider the appendices and exhibits attached to [his] brief [to constitute] new evidence" because he was "not allowed by the Board in its Order to respond to the

agency's submission prior to the Administrative Judge's Decision." *Id.* at 1. Mr. Russell argued that "had [he] been allowed to present [the evidence] to the Judge prior to the closing of the record [it] may have led the Judge to reach a different conclusion." *Id.* at 19.

It does not appear that the Board considered Mr. Russell's new material. The Board's opinion, in dismissing Mr. Russell's petition for review, does not address the material. *2014 Board Op.* at 1–9. HHS opposed consideration of the material on timeliness grounds, though it did not say that Mr. Russell had an opportunity in August/September 2013 to respond to HHS's remand evidence before the administrative judge (instead invoking opportunities to submit evidence even before the Board's 2013 remand). Agency's Response to Appellant's Fourth Petition for Review at 5–6, *Russell*, No. DC-3330-11-0405-B-1 (Dec. 6, 2013). The Board, for its part, stated that the administrative judge had in fact afforded Mr. Russell an opportunity in August/September 2013 to respond to HHS's submission of affidavits in the remand proceeding. *2014 Board Op.* at 4 n.3. The Board cited "Remand CF, Tab 3," the administrative judge's August 2, 2013 Order, which (at page 1) instructed HHS to submit "relevant, material and credible evidence showing that it is in compliance with the Board's order ordering the agency to reconstruct the selection process" and (at page 2) declared that Mr. Russell "may file a reply to the agency's response so long as it is received . . . within 10 calendar days of service of the agency's response." Br. of Appellant, Appx. F at 6–7.

The problem is that, although the August 2, 2013 Order by its terms gave Mr. Russell an opportunity to submit evidence, Mr. Russell may never have received that Order, despite the certificate of service stating that it was mailed to him. The course of events after the Board's decision lends credence to Mr. Russell's assertion that he

did not receive the Order. And the Board has not addressed the question.

Thus, on April 6, 2014, five days after the Board's decision, Mr. Russell sent a letter to the Clerk of the Board, asking for a copy of "Remand CF, Tab 3." Br. of Appellant, Appx. F at 3. He stated in the letter that he "ha[d] no idea what . . . the Board is referring to since the Administrative Judge did not contact [him] at all until she issued [her] . . . Decision." *Id.* On May 9, 2014, the Clerk of the Board responded by sending Mr. Russell a copy of the August 2, 2013 Order issued by the administrative judge. *Id.* at 4.

In response, on May 23, 2014, Mr. Russell made a submission to the Board asserting that he had not received the August 2, 2013 Order during the proceedings and asking the Board to correct its mistaken reliance on that Order as having given him an opportunity to respond to HHS's evidence. *Id.* at 1–2. As far as we are aware, the Board has not acted on this request, whether by treating it as a motion to reopen or otherwise. And when Mr. Russell made this same point in the present appeal, Br. of Appellant at 26, the agency offered no response in its answering brief.

We do not think it appropriate for us to reach the merits without a resolution of this issue. Nor do we think that we should address the matter in the first instance. The Board should consider the issue, including whether Mr. Russell received the August 2, 2013 Order and, if he did not, whether his substantive rights were prejudiced. *See Muwwakkil v. Office of Pers. Mgmt.*, 18 F.3d 921, 926 (Fed. Cir. 1994); *Karapinka v. Dep't of Energy*, 6 M.S.P.R. 124, 127 (1981). We remand Mr. Russell's case to the Board for that purpose.

CONCLUSION

For the foregoing reasons, the decision of the Board is vacated. The case is remanded for further proceedings consistent with this opinion.

No costs.

**VACATED AND REMANDED**